## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN MORITZ**<br>2912 South 13th Street<br>Philadelphia, PA 19148 | NO. _____ |
| *Plaintiff,* | CIVIL ACTION |
| **vs.** | |
| **WESTINGHOUSE LIGHTING**<br>**CORPORATION**<br>12401 McNulty Road<br>Philadelphia, PA  19154 | JURY TRIAL DEMANDED |
| *Defendant.* | |

## COMPLAINT

Plaintiff, Susan Moritz ("Plaintiff") by and through her undersigned counsel, hereby files this Complaint against Defendant:

### INTRODUCTION

1.      Plaintiff initiates this action to seek redress against Defendant, her former employer, for unlawful violations of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and other applicable law.

### PARTIES

2.      Plaintiff is an adult individual currently residing at the above address.

3.      Defendant, Westinghouse Lighting Corporation ("Defendant"), is a corporation that is believed to have been created and existing pursuant to the laws

of the Commonwealth of Pennsylvania with a principal place of business at the above address.

4.      At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of her or her job duties.

5.      The Defendant is an "employer" within the meaning of the ADEA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6.      Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

7.      Defendant is an "employer" within the meaning of the Americans with Disabilities Act because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

8.      Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

9.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10.     The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

11.     The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

12.     The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

13.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or

omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

14.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15.    Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under Title VII and the ADEA.

16.    Plaintiff filed a timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission alleging discrimination on November 23, 2010 (No. 530-2010-00752).

17.    Plaintiff's complaint was cross-filed with the Pennsylvania Human Relations Commission.

18.    The instant action is timely because it is initiated within ninety ("90") days after the issuance of a Right to Sue letter from the EEOC mailed on September 3, 2013.

19.    Plaintiff has exhausted her administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

20.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

21.    Plaintiff was employed with Defendant from approximately January of 2000 to October of 2010 before she was unlawfully terminated from her employment.

22.    From approximately August to October of 2009, Plaintiff had a serious medical condition that required her to take disability.

23.    After Plaintiff returned to her job in October of 2009, she found that her department had been "reorganized".

24.    Instead of doing her prior job, Plaintiff was relegated to the call center answering phone calls.

25.    Plaintiff was later transferred to dealing with all of the returns for the Defendant.

26.    Plaintiff's medical condition continued to be an issue for the Defendant and in the interim; the Defendant hired an African-American Supervisor who recruited new employees, the majority of which were African-American.

27.    These new employees were considerably younger than the older employees.

28.    At the time she filed her complaint with the EEOC, Plaintiff was 51 years of age.

29.    Plaintiff was required to train a 25-year-old African-American employee named Tyra Culver.

30.    It is believed and therefore averred that after Plaintiff's unlawful termination, Ms. Culver subsumed Plaintiff's job title or at minimum her former job duties and responsibilities.

31.    On or about June 24, 2010, Plaintiff received an employee warning, putting her on probation for 90 days because she had "accumulated seven unscheduled absences" since September of 2009.

32.    Younger African-American employees also accumulated unscheduled absences.

33.    Plaintiff's absences were primarily a consequence of the usual illnesses that afflict all employees during the winter months.

34.    The warning came as a complete surprise to Plaintiff.

35.    Plaintiff ensured she had no unscheduled absences during the 90 day probationary period.

36.    Approximately two weeks after the probationary period had ended, Plaintiff came down with a very bad cold.

37.    Despite Plaintiff's cold, she continued to go into work.

38.    While Plaintiff had a cold, her illness reached a point where she could not continue to go into work due to coughing and hacking.

39.    While Plaintiff had a cold, she contacted a doctor.

40.    Plaintiff texted her African-American Supervisor, Thais Brown-Smith, to ask if she could discuss her medical condition since she was unable to speak with her directly.

41.    Plaintiff did not hear back from Brown-Smith until she terminated Plaintiff's employment.

42.    During the interim time waiting for a response from Brown-Smith, Plaintiff had gone to her doctor who had taken her out of work for the entire week due to severe bronchitis.

## COUNT I
## Age Discrimination in Violation of the ADEA

43.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44.    By virtue of her age, the Plaintiff is in the class of persons protected by the ADEA.

45.    The foregoing conduct, in terminating Plaintiff because of her age, replacing Plaintiff with a significantly younger individual and otherwise subjecting her to adverse employment actions because of her age, constitutes unlawful age discrimination against the Plaintiff.

46.    As a result of the Defendant's unlawful age discrimination, the Plaintiff has suffered damages as set forth herein.

7

## COUNT II
### Reverse Race Discrimination in Violation of Title VII

47.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

48.    The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff on the basis of her race.

49.    As a result of the Defendant's unlawful discrimination, the Plaintiff has suffered damages as set forth herein.

## COUNT III
### Discrimination in Violation of the
### Americans with Disabilities Act ("ADA")

50.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

51.    Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

52.    Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because she was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

8

53.   The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her disability or perceived disability.

54.   As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT IV
### Pennsylvania Human Relations Act ("PHRA")

55.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

56.   Defendant violated the PHRA by through its discriminatory actions against Plaintiff.

57.   These violations were at all times intentional and outrageous.

58.   As a direct and proximate result of defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court enter judgment in her favor and against the Defendant and that it enter an Order as follows:

a. The Defendants are to be permanently enjoined from engaging in discrimination against the Plaintiff on any basis prohibited under applicable law;

b. The Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination in the

workplace, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.  The Defendants are to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d.  The Defendants are to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date the Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e.  The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendant's actions to the extent they are available as a matter of law;

f.  The Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish the Defendant for its willful, deliberate,

malicious and outrageous conduct and to deter the Defendant or other employers from engaging in such misconduct in the future;

g.  The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h.  The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i.  Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

j.  The Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k.  Plaintiff is to be awarded maximum damages available under the ADEA;

l.  Plaintiff is to awarded costs and attorneys fees as appropriate;

m. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

**KOLMAN ELY, P.C.**

Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated:      December 2, 2013